UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RUDY AND LORETTA CHIASSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-5225** |
| **INTERCERAMIC, INC., ET AL** | **SECTION "L" (2)** |

**ORDER & REASONS**

Before the Court is Defendants Interceramic, Inc. ("Interceramic") and Liberty Mutual Insurance Company's ("Liberty") Motion to Dismiss Presenting Defenses of Lack of Service of Process, Improper Venue and Lack of Jurisdiction Under Rule 12(b) (Rec. Doc. 16). For the following reasons, the motion is DENIED IN PART.

**I.      Background**

This cases arises out of an alleged automobile accident that occurred on September 16, 2004 in Kaufman County, Texas. Plaintiffs Rudy and Loretta Chiasson ("Plaintiffs") claim that they attempted to pass an eighteen-wheeler tractor trailer while driving along Highway 80, a four lane highway divided by a median. As the Plaintiffs were trying to pass the tractor trailer, its driver allegedly swerved into the lane occupied by the Plaintiffs' vehicle without any warning. The Plaintiffs claim that they were forced to drive onto the grass median for several hundred feet in order to avoid collision with the tractor trailer. After the tractor trailer returned to the lane it had previously occupied, the Plaintiffs state that they were able to reenter the roadway, whereupon the driver of the tractor trailer again swerved into their lane unexpectedly. This time, the Plaintiffs' vehicle was forced off the highway immediately in front of a bridge abutment with which they made impact. As a result of the impact, the Plaintiffs allege that they suffered severe

physical and psychological injuries.

On November 1, 2005, the Plaintiffs filed the present action in this Court against the owner and operator the tractor trailer, Interceramic, and its insurer, Liberty, on claims of negligence. On January 16, 2007, the Defendants filed the present motion.

## II.     Motion to Dismiss

In their motion, the Defendants argue that the Court lacks jurisdiction over this case as La. Rev. Stat. § 13:3201, et seq., ("the Louisiana Long-Arm Statute") does not provide personal jurisdiction over the Defendants, as both parties are non-residents, no injury or damage arising from the action occurred in the State, and Interceramic does not transact business in the State. Specifically, the Defendants state that Interceramic is incorporated in Texas, it has its principal place of business in Texas, and it is not licensed to do or does any business in the Eastern District of Louisiana. The Defendants further contend that Liberty is an improper party to this action as the incident from which the litigation arose occurred in Texas and therefore no direct right of action may be maintained against Liberty under Texas law.

The Defendants consequently argue that the action should be dismissed, or alternatively, the Court should quash the return of summons on the grounds that service of the complaint was requested under the Louisiana Long-Arm Statute. Lastly, they contend that venue is improper and the action should be transferred to the proper judicial district in Texas.

## III.    Law and Analysis

### a.     Personal Jurisdiction Over Interceramic

As the Defendants state, La. Rev Stat. § 13:3201 provides that a court sitting in Louisiana may exercise personal jurisdiction over non-residents for a cause of action that arises from certain activities performed by the non-resident in the State. La. Rev. Stat. Ann. § 13:3201(A).

However, the Defendants neglect to state that in addition to those defined activities that confer personal jurisdiction, the Statute also reads that "a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States." La. Rev. Stat. Ann. § 13:3201(B). Thus, the Louisiana Long-Arm Statute provides that its courts may assert personal jurisdiction to the extent legally permitted under due process. *Nuovo Pignone, SPA v. Stroman Asia M/V, etc.*, 310 F.3d 374, 378 (5th Cir. 2002) (stating Louisiana long-arm statute and Due Process Clause inquiry "merge into one"). Due process requires that the defendant "have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

In order to establish minimum contacts, the defendant must commit "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz,* 471 U.S. at 475 (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). When a defendant's contacts with the forum state are "continuous and systematic," general jurisdiction over the defendant may be established. *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999). Conduct incident to general jurisdiction that may indicate a non-resident defendant's intent to purposefully avail itself of the forum state's market could include designing the product specifically for the market, advertising in the forum state, establishing channels for providing regular advertising to customers in the forum state, or marketing the product through the distributor who agrees to serve as a sales agent in the forum state. *See Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 112 (1987).

In this case, the Plaintiffs state that Interceramic directs marketing efforts toward

Louisiana, maintains a network of distributors in Louisiana and sells its products to Louisiana residents.  Indeed, a review of Interceramic's website reveals that it directs sales efforts to Louisiana and encourages consumers to purchase its products from Louisiana distributors.  (Ex. to Pls' Mem. Opp.).  Thus, Interceramic transacts business in the State by contracting to provide goods there and deriving revenue from goods sold there, all actions which establish minimum contacts with Louisiana.

Moreover, maintaining this suit in Louisiana does not offend the traditional notions of fair play and substantial justice.  Factors that a court examines in order to determine whether it is reasonable to exercise personal jurisdiction include: (i) the burden on the defendant; (ii) the forum state's interests; (iii) the plaintiff's interest in obtaining relief; (iv) the interstate judicial system's interest in achieving the most efficient resolution of a case and (v) the states' shared interest to promote fundamental substantive social policies.  *Ruston Gas Turbines v. Donaldson Co., Inc.*, 9 F.3d 415, 421 (5th Cir. 1993).   In this case, fair play and substantial justice will best be served through assertion of jurisdiction.  The Court notes that this case was first filed in November of 2005.  The Defendants filed this instant motion in January of 2006, and the motion was set for hearing on February 14, 2006.  Trial is currently set for March 26, 2006.  Thus, almost all discovery has been completed and significant pretrial deadlines have passed.  Efficient resolution of the case and the interests of all parties strongly suggest that the Court's assertion of personal jurisdiction over the Defendants is both reasonable and necessary.

  b.  **Whether Claim May be Maintained Against Liberty**

The Plaintiffs state in their complaint that personal jurisdiction may be asserted over Liberty because it is licensed to and doing business in Louisiana and it issued an insurance policy to Interceramic relating to the instant claims.  The Defendants do not refute this

allegation. However, they do assert that Liberty is an improper party to the proceedings because the incident occurred in Texas, an insurer is considered to have the same domicile as its insured, and no direct action may be maintained against Liberty under Texas law.  However, the Defendants do not address any of these assertions in their memorandum or provide any applicable law.  The Plaintiffs also do not address these statements in their opposition brief.  Accordingly, the Court requires more information from the parties on this issue to determine whether the Defendants' argument has merit and the claims against Liberty should be dismissed.

      **c.**      **Service of Process**

As the Plaintiffs used the Louisiana Long-Arm Statute in this case to effect service and the Court may assert personal jurisdiction over the Defendants, service of process was valid.

      **d.**      **Venue**

Because the Court determines that it may exercise personal jurisdiction over the Defendants, venue is proper under 28 U.S.C. § 1391(a)(1) (venue proper in "judicial district where any defendant resides, if all defendants reside in the same State") as a corporate defendant resides in any judicial district in which it is subject to jurisdiction at the time the action commenced.  28 U.S.C. § 1391(c).  The Court does not believe that a transfer of venue is appropriate under 28 U.S.C. 1401(a) for the reasons given above concerning the upcoming trial.

**IV. Conclusion**

For the above stated reasons, IT IS ORDERED that the Defendants' motion is DENIED IN PART.  The Court may assert personal jurisdiction over the Defendants under La. Rev. Stat. § 13:3201 and service was therefore proper.  Additionally, venue is proper in this case, and the Court declines to transfer the case to another district.

However, the Court requires more information on whether Liberty is an improper party to

this action and should be dismissed from suit. Accordingly, IT IS ORDERED that the parties shall submit briefing on this limited issue by Friday, March 9, 2007.

New Orleans, Louisiana, this 5th day of March, 2007.

                                            UNITED STATES DISTRICT JUDGE